COMMONWEALTH vs. PENN CENTRAL COMPANY. October 29, 1969. A Superior Court judge denied the railroad's motion to dismiss a complaint against it for violation of G. L. c. 160, § 151, by occupying Main Street, Ashland, with its "cars or engines for more than five minutes at one time." The railroad then admitted that its cars obstructed Main Street for more than five minutes. Another judge, sitting without a jury, found the railroad

guilty. The bill of exceptions sets out as supporting the motion to dismiss only a somewhat incomplete affidavit of a railroad official (a) that on September 5, 1968, about 6:50 A.M. a train of 127 cars (7,700 feet in length) consumed about eleven minutes crossing Main Street on the railroad's main line between Boston and Albany; (b) that the train was en route from a marshalling yard in Framingham to points in Michigan and Illinois; (c) that, because of a speed limit of fifteen miles an hour at this crossing, trains of this length cannot traverse this crossing within five minutes; and (d) that to split trains of this length in two will cost the railroad $71,000 a year on this division of its route alone. In *Commonwealth* v. *New York Cent. R.R.* 350 Mass. 724, 728, G. L. c. 160, § 151, was upheld against a predecessor railroad's contention that it imposed an unconstitutional burden on interstate commerce. Although that decision was by a divided court, the case represents existing Massachusetts authority. Enforcement of § 151 in the present instance may involve a somewhat more direct obstruction of an interstate journey than was the basis of the conviction in the earlier case. Nevertheless, no such substantial differences between the two cases, in the effect on interstate commerce of enforcing § 151, have been sufficiently shown to bring about a different result.

*Exceptions overruled.*

*Richard J. Ferriter* for the defendant.
*Richard A. Gargiulo,* Assistant District Attorney, for the Commonwealth.